# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-01665-SBP

JOY CLARKE,

        Plaintiff,

v.

REGIONS HOME IMPROVEMENT
FINANCING f/k/a ENERBANK USA; and
SOURCE INSTALLATION SERVICES
LLC f/k/a PREMIER RENEWABLES,
LLC,

        Defendants.

---

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO EFFECT SUBSTITUTE SERVICE

---

**Susan Prose, United States Magistrate Judge**

      This matter is before the court upon Plaintiff Joy Clarke's ("Plaintiff") Motion for Leave to Effect Substitute Service as to Defendant Source Installation Services LLC ("Defendant" or "Source"), ECF No. 19 ("Motion"). This motion is a non-dispositive pretrial matter. Accordingly, the undersigned Magistrate Judge has authority to resolve it by order pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).

      For the reasons below, the Motion is granted, such that the request for substituted service is granted, and pursuant to Federal Rule of Civil Procedure 4(m), the time for service is extended by 90 days from the date of this Order.

1

## BACKGROUND

Plaintiff originally brought this action against Defendants Regions Home Improvement Financing ("Regions") and Source for consumer fraud related to the sale and installation of solar panels, including forgery of contracts, refusal to honor cancellation, and unauthorized access to her credit report in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f). *See generally* ECF Nos. 6 (Complaint); 1 at 1 (Notice of Removal), 1-1 at 2 (Ex. A, State Court Complaint); Motion at 1 (summarizing claims). Plaintiff filed suit on April 30, 2025, in the District Court of Arapahoe County, Colorado. ECF Nos. 1 at 1, 1-1 at 1. On May 5, 2025, Plaintiff served Defendant Regions via personal service, and Plaintiff filed an Affidavit of Service on May 27, 2025. ECF No. 7. On May 27, 2025, Defendant Regions removed the matter to this court. ECF No. 1. On July 11, 2025, the court ordered Plaintiff to, by August 25, 2025, file a return or waiver of service on Defendant Source, or to seek an extension to do so. ECF No. 18. On August 22, 2025, Plaintiff filed the instant Motion. ECF No. 19. On October 2, 2025, Plaintiff filed an Amended Complaint adding Devin E. Anderson (a managing owner of Source per prior filings) and Louis Gonzalez as individual defendants, with the same core claims of FCRA violations and solar sales fraud but including expanded allegations tying them to the forgery and evasion. ECF No. 21.

Despite numerous and good-faith attempts, Plaintiff states she has been unable to successfully locate and serve Source. Motion at 6; ECF No. 19-3 at 3. Plaintiff performed a search on the website of the Colorado Secretary of State to identify addresses for Source and discovered two addresses in Colorado. Motion at 2; ECF No. 19-3 at 3. On May 8, 2025, Plaintiff first attempted personal service on Source at 7600 E. Orchard Road, Suite 330S,

Greenwood Village, CO 80111. *Id*.; *see also* ECF No. 19-1 at 4. The property was vacant and service was unsuccessful. *Id*. Plaintiff performed docket searches for Source aiming to find a previous address where Source was served, and identified 14 Inverness Drive East, Suite E112, Centennial, CO 80112. Motion at 2-3; ECF No. 19-3 at 3. On May 22, 2025, Plaintiff then attempted to serve Source at 14 Inverness Drive East, Suite E112, Centennial, CO 80112. Mot at 3; ECF Nos. 19-1 at 2; 19-3 at 3. Service was unsuccessful as this address was now occupied by a new company with no connection to Source. *Id*. Plaintiff's process server advised of his unsuccessful service attempts at these Colorado addresses, but attempted service again two times at each address without success. *Id*.

Plaintiff performed further searches for Source with the Colorado Secretary of State and discovered that Source's registered agent is Source NRG, Inc. ("NRG"), listed at the 7600 E. Orchard Road, Suite 330S, Greenwood Village, CO 80111 address. Motion at 2-3; ECF No. 19-3 at 3. Source NRG, Inc. is listed in a noncompliant status with the Colorado Secretary of State. *Id*. Plaintiff searched Source NRG, Inc. with the Better Business Bureau, which listed Alemayehu Yosef Teshome as the Chief Financial Officer, and Devin Anderson as the Managing Owner. Motion at 3-4; ECF No. 19-3 at 3-5. Plaintiff performed a search on BeenVerified, social media, and Google for Alemayehu Yosef Teshome, which yielded no information on Teshome's location. Plaintiff then performed an online search for Devin Anderson and NRG and discovered that both were, or at some time were, doing business in Florida. Motion at 3; ECF No. 19-3 at 4.

Plaintiff then searched Source Installation Services, LLC with the Florida Department of State. Motion at 3; ECF No. 19-3 at 3. The report listed one address for Source at 636 Edgemere Street, W., Port Charlotte, FL 33948, and one address for Source at 500 Australian Avenue, Suite

600 PBM 1177, West Palm Beach, FL 33401. Motion at 3-4; ECF No. 19-3 at 4. The Florida Department of State report listed Devin Anderson as the manager, and Refael Martinez as Source's manager and its registered agent. Motion at 3; ECF No. 19-3 at 4. This Florida Department of State report also showed Source's mailing address as 7600 E. Orchard Road, Suite 330S, Greenwood Village, CO 80111. *Id*.

On July 30, 2025, Plaintiff attempted service on Source at 500 Australian Avenue, Suite 600 PBM 1177, West Palm Beach, FL 33401. *Id*. Plaintiff's process server was advised by Erica Gibson, the building's manager, that no tenant by the name of Source Installation Services or NRG was at that location. *Id*. Plaintiff's process server searched for Source and NRG on the Florida Department of State website and discovered that both were dissolved and inactive since September 27, 2024. *Id*. On July 31, 2025, Plaintiff's process server attempted to serve Devin Anderson and Refael Martinez at the 500 Australian Avenue, Suite 600 PBM 1177, West Palm Beach, FL 33401 address. Motion at 4; ECF No. 19-3 at 3. Service was unsuccessful. Mot at 4; ECF Nos. 19-1 at 4; 19-3 at 4.

On August 5, 2025, Plaintiff attempted service on Source and NRG at 636 Edgemere Street, W., Port Charlotte, FL 33948. Motion at 4; ECF No. 19-3 at 5. There was no answer, no activity, and no vehicles in the parking lot. *Id*. On August 5, 2025, Plaintiff attempted service on Devin Anderson and Refael Martinez at 636 Edgemere Street, W., Port Charlotte, FL 33948. *Id*. Plaintiff's process server left his contact information with the building manager who then provided the information to Refael Martinez. *Id*. On August 5, 2025, Plaintiff's process server was contacted by Martinez. *Id*. Martinez advised that he knew of Source and Source NRG, but

4

that he would not be able to accept service because he was out of the country until January 2026. Motion at 4; ECF Nos. 19-1 at 4; 19-3 at 5.

On August 6, 2025, Plaintiff's counsel called Martinez. *Id*. There was no answer, but Plaintiff's counsel could not leave a message because Martinez's voicemail box was full. *Id*. On August 6, 2025, Plaintiff's counsel sent a text message to Martinez following up on Martinez's call to Plaintiff's process server. *Id*. Martinez responded, "I have nothing to say or give (sic) I told you yesterday I am out of the country. What am I suppose (sic) to say or do?" Plaintiff's counsel asked Martinez for an email address or a better mailing for Source, to which Martinez responded, "Nope. Please remove me and call it resolved." *Id*.; ECF No. 19-2 at 2. Martinez has not responded to follow-up text messages from Plaintiff's counsel. *Id*.

In sum, Plaintiff avers diligent but unsuccessful efforts to personally serve Source: Colorado and Florida records and docket/background/social-media searches identified four addresses (two in Colorado, two in Florida); process servers made multiple attempts with no service; and Refael Martinez—listed as a manager and former registered agent—acknowledged Source but refused service and ceased communication. *See* Motion at 2–5; ECF Nos. 19-1; 19-2 at 2; 19-3 at 5. Accordingly, Plaintiff seeks leave under Colo. R. Civ. P. 4(f) to effect substituted service by certified mail on the four known addresses **and** by text message to Mr. Martinez at (773) 949-7091. *See* Motion at 6.

## LEGAL STANDARDS

Rule 4 of the Federal Rules of Civil Procedure governs service of process. For serving a corporation like Source in a judicial district of the United States, Rule 4(h) provides that service may be effected:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h). Rule 4(e)(1) in turn permits service by following state law—in this case, Colorado law—for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e)(1).

"The federal rules are silent regarding substituted and alternative service. Where federal rules are silent 'as to a specific procedural requirement,' the deciding court's local rules control." *Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, No. 19-cv-01640-CMA-STV, 2019 WL 5535227, at *2 (D. Colo. Oct. 25, 2019) (quoting *Hammond v. City of Junction City*, No. 00-2146-JWL, 2002 WL 169370, at *9 (D. Kan. Jan. 23, 2002)). It is only in those instances when "service of process by personal service cannot be accomplished" that "other means of service may be used." *United States v. Elsberg*, No. 08-cv-00552-MSK-KLM, 2010 WL 5177439, at *3 (D. Colo. Aug. 17, 2010). "For a substituted method of service to be valid, it must comport with due process by being calculated 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Colorado's default method of service on a limited liability company like Source is personal service under Colorado Rule of Civil Procedure 4(e)(4), which includes delivering the summons and complaint to the registered agent for service, an officer, a manager, or other authorized person. *See* Colo. R. Civ. P. 4(e)(4). When these methods prove unsuccessful, the

6

Colorado Rules of Civil Procedure allow for alternative methods of service—referred to as substituted service. *See generally* Colo. R. Civ. P. 4(e), (f).

Colorado law places certain requirements on a party seeking to employ substitute service; at a minimum, the party must file a motion setting forth (1) the efforts made to obtain personal service and the reason why personal service could not be obtained; (2) the identity of the person to whom the party wishes to deliver the process; and (3) the address, or the last known address of the workplace and residence, if known, of the party upon whom service is to be effectuated. Colo. R. Civ. P. 4(f). Yet even if the motion meets these technical requirements, the court must still determine that the serving party has exhibited due diligence in their efforts at achieving personal service and further conclude that additional attempts at personal service would be futile. *Id.* Moreover, substituted service by mail must also be "appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effectuated." *Id.* If so, the court must then (1) authorize delivery to be made to the person deemed appropriate for service; and (2) order that process be "mailed to the address(es) of the party to be served by substituted service, as set forth in the motion." *Id.* Service shall be complete on the date of delivery to the person deemed appropriate for service. *Id.*

Additionally, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "[i]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

7

## ANALYSIS

Plaintiff has demonstrated due diligence in her nearly three-month effort to serve Source personally. Those efforts included: (1) searches of the Colorado and Florida Secretary of State websites, dockets, BeenVerified, social media, Google, and the Better Business Bureau to identify addresses and agents; (2) multiple personal-service attempts by process servers at four addresses across two states; (3) direct contact with Refael Martinez—a manager and registered agent per Florida filings—who refused service and evaded further communication; and (4) prompt follow-up via phone and text upon learning of Martinez's location and status. These actions reflect reasonable diligence, as Plaintiff pursued varied methods and locations, adapted to new information (such as Source's dissolved status and vacant or occupied premises), and persisted despite refusals. On this record, further personal-service attempts would be futile, given the pattern of dissolution, abandoned addresses, and Martinez's refusal. *See* ECF No. 19-1 to -3 (affidavits, certification, and exhibits detailing attempts). The court therefore finds good cause under Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to effect personal service within the original 90-day period, based on her documented diligence, Source's apparent evasion, and the barriers encountered. Accordingly, the court extends the time for service by 90 days from the date of this order, to allow completion of substituted service and filing of proof thereof.

Substituted service by certified mail to the four known addresses and by text message to Refael Martinez is appropriate under the circumstances and reasonably calculated to provide actual notice. Certified mail, with its signed-receipt requirement, ensures proof of delivery and targets official and last-known addresses for Source under Rule 4(h) and Colorado Rule 4(f).

Likewise, text message to Martinez's verified phone number is targeted, as prior communications confirm receipt, and he is positioned to receive service on Source's behalf as a manager and former registered agent. This method comports with due process under *Mullane*, as it is directed at known addresses and an agent likely to apprise Source of the action. *See Elsberg*, 2010 WL 5177439, at *3; *see also Aranda v. Harvey Trucking Servs., Inc.*, No. 5-21-CV-00372-DAE, 2021 WL 11660687, at *2 (W.D. Tex. Oct. 4, 2021) (holding that providing copies of documents electronically by social media, email, or text messages was "reasonably calculated, under the circumstances, to apprise [a defendant] of the pendency of the action and afford him an opportunity to be heard") (citing *Mullane*, 339 U.S. at 314).

Courts have specifically approved substitute service by text message where, as here, the record shows that (1) traditional methods of service have been unsuccessful despite diligent efforts; (2) the phone number is verified as belonging to the defendant or a person associated with the defendant; and (3) text messaging is part of a multi-pronged approach reasonably calculated to provide notice. *See Marvici v. Roche Facilities Maint. LLC,* No. 21 Civ. 4259 (PAE) (JLC), 2021 WL 5323748, at *3-5 (S.D.N.Y. Oct. 6, 2021) (granting leave to effect alternative service via, inter alia, text message, and holding that text-message service—especially in combination with mailed service is—"reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action" and comports with due process). The court in *Marvici* recognized that text messaging is a prolific, reliable modern means of communication, and that where the defendant previously used the number to communicate with a party, service by text is appropriately tailored. *Id*. at *4.

The facts here fit comfortably within *Marvici*: Mr. Martinez used the (773) 949-7091 number to communicate with Plaintiff's counsel about this matter, acknowledged Source and NRG, explicitly refused service, and then ceased responding. This verified communication channel, combined with the proposed certified-mail service, is reasonably calculated to provide actual notice and satisfies due process under *Mullane*.[1] Plaintiff is thus directed to complete substituted service promptly and file proof thereof with the court.

## CONCLUSION

For the reasons stated, the Motion (ECF No. 19) is **GRANTED**. The Rule 4(m) deadline is extended 90 days from the date of this Order. Plaintiff may effect substituted service on Source by sending, within fifteen (15) days of this Order, a text message directed to Refael Martinez at (773) 949-7091 that transmits the summons, complaint, civil cover sheet, and this Order, either as PDFs or via a secure download link, **and** by mailing the same documents by certified mail, return-receipt requested (or USPS Priority with tracking where certified mail is unavailable) to 7600 E. Orchard Rd., Suite 330S, Greenwood Village, Colorado 80011; 14 Inverness Dr. E., Suite E112, Centennial, Colorado 80112; 500 Australian Ave., Suite 600 PBM 1177, West Palm Beach, Florida 33401; and 636 Edgemere St. W., Port Charlotte, Florida 33948.[2]

---

[1] Other courts likewise have approved multi-pronged alternative service methods incorporating electronic communication, including email, social media, and text messaging, where traditional service proved impracticable and the electronic channels were shown to reach the defendant. *See, e.g.*, *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *5–6 (S.D.N.Y. Mar. 7, 2013) (email and Facebook); *Baidoo v. Blood-Dzraku*, 5 N.Y.S.3d 709, 716 (Sup. Ct. 2015) (Facebook plus phone/text notice); *Ross v. Dejarnetti*, No. 18 Civ. 11277 (NJB), 2019 WL 8301676, at *6 (E.D. La. Aug. 23, 2019) (text, email, and website).

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C.

DATED: December 5, 2025                    BY THE COURT:

                                                                                Susan Prose
                                                                                United States Magistrate Judge

---

§§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Refining Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").